**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000592
10-APR-2025
08:45 AM
Dkt. 106 SO**

NO. CAAP-24-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

D.R., Plaintiff-Appellant, v. T.R., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FDV-22-0000801)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

**D.R.**, representing himself, appeals from the **"Decision and Order** on All Pending Motions as of August 8, 2024" entered by the Family Court of the Third Circuit on August 8, 2024.[1]  We affirm.

D.R. filed for divorce from **T.R.** on October 27, 2022. A divorce decree was entered on December 13, 2022.  According to the transcript of a June 1, 2023 hearing, D.R. filed a number of post-decree motions: "request for modification, motion to seal, motion to dismiss [T.R.]'s motion, motion for post-decree relief, and also [D.R.]'s motion to seal."  According to the Decision and Order, evidentiary hearings were held on July 25, 2024, and August 1, 2024.  The record on appeal does not contain transcripts of the evidentiary hearings.[2]  The family court

---

[1]    The Honorable Jeffrey W. Ng presided.

[2]    "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript."  <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi
(continued...)

announced its decision during an August 8, 2024 hearing. The Decision and Order was entered on August 8, 2024. This appeal followed.

D.R.'s opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b). To promote access to justice, we liberally interpret a self-represented litigant's briefs and do not automatically foreclose them from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). But D.R.'s brief does not contain any citations to where in the record his post-decree motions or any evidence presented to the family court can be found. We are not obligated to search the record for information that should have been provided by D.R. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007). Nor does the brief contain any factual or legal argument about why the Decision and Order was clearly erroneous or wrong. The only argument we discern is a request that this court "do the right thing[.]"

"The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. D.R. has not shown any error. Accordingly, the "Decision and Order on All Pending Motions as of August 8, 2024" entered by the family court on August 8, 2024, is affirmed.

DATED: Honolulu, Hawaiʻi, April 10, 2025.

On the briefs:

D.R., Self-represented
Plaintiff-Appellant.

T.R., Self-represented
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2](...continued)
225, 230, 909 P.2d 553, 558 (1995) (brackets omitted).

2